### CINCINNATI TRACTION CO. v. REEBUSCH.

(Circuit Court of Appeals, Sixth Circuit. January 3, 1912.)

No. 2,146.

1. **TRIAL (§ 244\*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.**

In an action for injuries to a passenger, defendant failed to plead contributory negligence, but claimed that the proof showed that plaintiff got off the car while it was in motion after it had made its stop, and not that the car started suddenly as plaintiff was in the act of alighting, according to the case made by plaintiff's complaint. The court refused defendant's requested instruction that, if plaintiff did not attempt to alight until after the car had started and after the stop in question, but then voluntarily left the car, the verdict must be for defendant, on the ground that the pleadings did not raise the question of contributory negligence, but did charge that if there was no signal to the conductor that plaintiff wished to get off at the corner, and the conductor started the car when he had a right to suppose all the passengers had alighted who wished to, there was no negligence, and the verdict must be for defendant, unless the jury found that plaintiff had shown that he was injured by the starting of the car while he was attempting to alight while it was stopped at the point in question. *Held* that, in view of the instructions given, the refusal of the instruction requested was not misleading, as indicating to the jury that the request did not state a good reason of defense under the doctrine of variance.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.\*]

2. **EXCEPTIONS, BILL OF (§ 14\*)—FORM—CONTENTS.**

Where the only question desired to be presented on writ of error was the refusal of a requested charge, it was improper to set out in the bill of exceptions a complete transcript of the stenographer's notes; it being sufficient to incorporate a brief statement that plaintiff's evidence tended to show the details of the situation as he claimed them to exist, and that defendant gave evidence tending to show its theory of the facts involved.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 14; Dec. Dig. § 14.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

Action by Anthony Reebusch against the Cincinnati Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. K. Rogers and E. G. Kinkead, for plaintiff in error.

John C. Healy (Edwin J. Howard, on the brief), for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges.

DENISON, Circuit Judge. Reebusch recovered a verdict and judgment against the traction company, because of a personal injury resulting to him from the company's negligence. Counsel for the company assign one error only; and this one depends upon the proper construction of the charge to the jury.

It was the plaintiff's theory that he was standing on the rear platform of the car when it stopped at his street corner, and that as he was in the act of alighting the car was started, and he was thereby hurt. Under the Ohio practice, a plea of contributory negligence is necessary in order to put that issue into the case, and the company filed no such plea. It denied that the injury happened as alleged, and its testimony tended to show that Reebusch got off while the car was in motion, and after it had gone some distance beyond the street corner in question. If the injury happened as Reebusch claimed, he was entitled to go to the jury; if it occurred in the manner of the company's theory, there should have been an instruction for the defendant.

Under these circumstances, and at the close of the charge, the defendant requested a specific instruction that if the jury found that Reebusch did not attempt to alight until after the car had started, and after the stop in question, and that then he voluntarily left the car, the verdict must be for the defendant. The court said this charge could not be given, because it raised the question of contributory negligence, which, under the pleadings, was not in the case. Reebusch's counsel then pointed out that they were intending to raise the question of variance, and the court then further said to the jury that the charge against the defendant was the negligence set out in the petition, that there was no other negligence charged in the case excepting this, that, if any other negligence than as charged appeared, the plaintiff could not recover on that, because the plaintiff had made his case by his pleadings, and that the court could not charge the jury on the subject of contributory negligence.

[1] The company's counsel say that this action allowed the jury to understand that the theory specified in their request was not a good theory of defense, and could not be considered as a reason for finding for the defendant, because it amounted to contributory negligence, and contributory negligence was not a defense. Without deciding whether the action of the court at this time, as we have recited it, and when considered by itself, would have the effect which counsel urge, we think the question is whether, considering the entire charge and this later action together, there can be any presumption that the jury was misled.

In his general charge, the court, after giving general definitions and stating plaintiff's theory, briefly summarized what plaintiff's evidence tended to show. He then told the jury that if, on the other hand, there was no signal to the conductor or other indication that Reebusch wished to get off at that corner, and so the conductor started the car when he had a right to suppose all passengers had alighted who wished to, there would be no negligence shown, and the verdict must be for the defendant, and that, unless the jury found that the plaintiff had shown that he was injured by the starting of the car while he was attempting to alight while it was stopped at the point in question, it must find for the defendant.

We cannot find any apparent misleading of the jury upon the point in question. Taking the whole charge together, we think it fairly put before the jury the two conflicting theories of fact. We can see no material difference between the requested instruction, basing a verdict for the defendant on the finding that Reebusch did not try to alight while the car was stopped, but did get off after the car started, and the expressly given instructions that the plaintiff could not recover, unless the injury happened while he was attempting to alight from the car while it was stopped, and that if the car had started up before Reebusch tried to get off, or gave or caused to be given, any signal to the conductor, then there could be no recovery.

Counsel for the company cite a number of cases where undue emphasis by a trial judge upon the plaintiff's theory of the case, or where the refusing in the presence of the jury to give a specific and proper instruction because it had been covered by the general charge, has been held to be error. We will not review these cases. Each one of them depends on its own facts. The question in each was whether, considering all the record, it appeared that the jury might have been misled. Upon the entire record in the present case, we cannot be justified in drawing any conclusion that there was such misleading. The judgment should be affirmed, with costs.

[2] We cannot overlook the composition of the bill of exceptions in this case. Only one question was desired to be presented to this court, and a brief statement that the plaintiff gave evidence tending to show the details of the situation as he claimed them to exist, and that the defendant gave evidence tending to show its theory as to each of the facts involved, would have preserved and presented this question from every angle, and, in connection with the charge of the court, could have been comprised in a bill of exceptions of a very few pages. Instead of this, we have, apparently, a complete transcript of the stenographer's notes, containing 155 printed pages of testimony. Sixty pages are devoted to the testimony of doctors, regarding the extent of the injury, and not over 30 pages relate to the circumstances of the accident. Counsel should not prepare or propose such a bill, and the duty rests upon the trial judge not to acquiesce in and approve it, even if counsel on both sides stipulate. The proper practice is pointed out in Johnston v. Jones, 66 U. S. (1 Black) 209, 219, 220, 17 L. Ed. 117, and Grand Trunk Ry. v. Ives, 144 U. S. 408, 414, 12 Sup. Ct. 679, 36 L. Ed. 485.